*E-FILED - 12/22/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CLEVELAND,<br><br>             Plaintiff,<br><br>vs.<br><br>ISABELLA'S AT WHARFSIDE, INC. dba ISABELLA'S RESTAURANT; TENE SHAKE; CITY OF MONTEREY; FISHERMAN'S WHARF COMPANY, LP; CHRIS SHAKE, individually and dba FISHERMAN'S WHARF COMPANY, LP; WHARFSIDE RESTAURANT, INC.; ANTHONY J. PALMA, individually and dba WHARFSIDE RESTAURANT; NATALIE PALMA, individually and dba WHARFSIDE RESTAURANT; SALVATORE RAPPA, individually and dba WHARFSIDE RESTAURANT; JOSEPHINE RAPPA individually and dba WHARFSIDE RESTAURANT; PALMA/WHARFSIDE, LTD; and DOES 1through 10, inclusive,<br><br>             Defendants. | **Case No.: C09-02376 RMW**<br><br><br>SETTLEMENT AGREEMENT AND [XXXXXX] ORDER |

Plaintiff TIMOTHY CLEVELAND filed a Complaint in this action on May 28, 2009, alleging denial of disability access and denial of his civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., the Rehabilitation Act of 1973, and California civil rights laws against Defendants ISABELLA'S AT WHARFSIDE, INC. dba ISABELLA'S RESTAURANT; TENE SHAKE; FISHERMAN'S WHARF COMPANY, LP; CHRIS SHAKE, individually; FISHERMAN'S WHARF COMPANY, LP; WHARFSIDE RESTAURANT, INC.; ANTHONY J. PALMA, individually and dba WHARFSIDE RESTAURANT; NATALIE PALMA, individually and dba WHARFSIDE RESTAURANT; PALMA/WHARFSIDE, LTD and the CITY OF MONTEREY. DOES 1through 10, inclusive, relating to the condition of their public accommodations as of

December 30, 2008, and continuing. The following defendants will be known as collectively as the ISABELLA'S DEFENDANTS: ISABELLA'S AT WHARFSIDE, INC. dba ISABELLA'S RESTAURANT; TENE SHAKE; FISHERMAN'S WHARF COMPANY, LP; CHRIS SHAKE, individually; FISHERMAN'S WHARF COMPANY, LP; and, WHARFSIDE RESTAURANT, INC.. Plaintiff has alleged that the defendants violated Title II and Title III of the ADA, the Rehabilitation Act of 1973, California Government Code sections 19955 and 4450, and Civil Code section 54 *et seq.* by failing to provide full and equal access to the facilities, programs, services and activities at Isabella's Restaurant, 60 Fisherman's Wharf, Monterey, California, and its attendant parking facilities.

The ISABELLA'S DEFENDANTS and the CITY OF MONTEREY deny the allegations in the Complaint and by entering into this Settlement Agreement and Order do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action. Plaintiff and Defendants (hereafter sometimes, "The Parties") hereby enter into this Settlement Agreement and Order for the purpose of resolving the injunctive relief aspects of this lawsuit without the need for protracted litigation and without the admission of any liability. The parties hereby agree and stipulate that the Court not dismiss this case because issues of damages and attorney fees, litigation expense and costs remain unresolved.

WHEREFORE, the parties to this Settlement Agreement hereby agree and stipulate to the Court's entry of this Settlement Agreement and Order, which provides as follows:

## I.   JURISDICTION:

The parties to this Settlement Agreement agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. and the Rehabilitation Act of 1973; and pursuant to supplemental jurisdiction for alleged violations of California Government Code sections 11995 and 4450, and Civil Code section 54 et seq..

In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Settlement Agreement agree to entry of this Order to resolve all claims regarding injunctive relief raised in the Complaint filed with this Court. Accordingly, they agree to the entry of this

Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief.

WHEREFORE, the parties to this Settlement Agreement hereby agree and stipulate to the Court's entry of this Settlement Agreement and Order, which provides as follows:

## II. CORRECTIVE WORK

**1. Scope of Corrective Work:**

The ISABELLA'S DEFENDANTS agree that they will perform all corrections and modifications as set forth in the architectural drawings of Dennis Hodgin dated November 10, 2010 (ADA Plan Check Revision) attached hereto as EXHIBIT A. The ISABELLA'S DEFENDANTS represent they have completed the work specified in EXHIBIT A.

The plaintiff and Defendant CITY OF MONTEREY hereby agree that by June 30, 2011 the CITY OF MONTEREY will perform all corrections and modifications to the Main Wharf Parking Lot set forth in the FISHERMAN'S WHARF 1 PARKING LOT ACCESSIBLE PARKING SPACES IMPROVEMENT PLAN BARRIERS dated March 2010, attached hereto as EXHIBIT B.

The plaintiff and Defendant CITY OF MONTEREY hereby agree that by November 25, 2011 the CITY OF MONTEREY will perform all corrections and modifications to the Oliver Street Parking Lot as set forth in the FISHERMAN'S WHARF 1 PARKING LOT ACCESSIBLE PARKING SPACES IMPROVEMENT PLAN BARRIERS dated March 2010 attached hereto as EXHIBIT C.

**2. Notification of Delay in Completing Corrective Work by City of Monterey:**

In the event that CITY OF MONTEREY is unable to complete the corrective work set forth in EXHIBITS B and C within the time frame stated herein, notwithstanding a good faith effort to complete the work counsel for the CITY OF MONTEREY counsel will notify Plaintiffs' counsel in writing within 14 business days of discovering any delay. Plaintiff will not unreasonably withhold consent for a reasonable extension of time to complete the modifications and barrier removal, but maintains the right to seek a motion to enforce this Order, including the

right to seek statutory attorney fees, in the event the modifications and corrective work are not fully as required herein. (Resolution of disputes regarding the scope and timing of corrective work are detailed below in Section IV.)

### III. DAMAGES AND ATTORNEYS' FEES, LITIGATION EXPENSES AND COSTS

The parties have reached agreement regarding plaintiff's claim for personal injury and statutory damages. Defendants will pay plaintiff $15,000 for his personal injuries and statutory damages in a check made payable to Paul L. Rein in Trust for Timothy Cleveland on or before close of business January 15, 2011. Defendants acknowledge they are jointly and severally liable for the entire amount. The parties have not reached agreement regarding plaintiff's claims for attorney fees, litigation expenses and costs. These issues will be the subject of further negotiation and if the issue cannot be settled, plaintiff will file his motion to the Court no later than March 15, 2011 and not before February 1, 2011.

The parties agree that they will participate in a settlement conference before a Magisrate Judge by January 30, 2011 if they are unable to resolve the claim for attorneys' fees, litigation expenses and costs.

### IV. DISPUTE RESOLUTION AS TO INJUNCTIVE RELIEF

The parties will negotiate in good faith to resolve any dispute relating to the interpretation or implementation of the injunctive relief provisions of this Agreement.

In the event plaintiff believes that a defendant or defendants are not in compliance with the injunctive relief terms of this Agreement, plaintiff will notify each allegedly noncompliant defendant in writing of the alleged noncompliance.

Each defendant so notified will fifteen days following receipt of the notification to respond to plaintiff in writing concerning the alleged violations or noncompliance.

Following plaintiff's receipt of each defendant's response, if any, to any alleged violations or noncompliance, the Parties will negotiate in good faith for at least fifteen (15) days to resolve their differences. If the parties agree, they may request that the Northern District Court's ADR office mediate any compliance dispute brought pursuant to this agreement.

Plaintiff agrees not to file any motion to enforce this Agreement until this dispute resolution process has been completed and then only if the alleged violations or noncompliance have not been corrected as a result of the dispute resolution effort by the Parties. Any motion to enforce this Agreement will be brought in the court in which this action is currently pending.

In the event it becomes necessary for plaintiff to incur costs and/or attorneys' fees to enforce the provisions of this Agreement, Plaintiff will be entitled to reasonable attorney's fees and costs, whether or not Court enforcement is required.

## V. MUTUAL RELEASE AND WAIVER

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

The Parties waive the provisions of Section 1542 of the Civil Code of the State of California, which reads as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

It is expressly understood and agreed that there are no claims or promises not expressed in this Settlement Agreement; that the payment of said settlement consideration sum is not and shall not be construed or deemed as an admission of liability on the part of any person, individual, firm, entity, but that the parties herein rare compromising and settling the disputed claims as set forth herein.

Except for all obligations required in this Agreement, the parties hereby release and forever discharge each other and their elected officials, administrators, board members, agents, employees, representatives, attorneys, heirs, and assigns from all claims, demands, actions, and causes of action for injunctive relief, presently known or unknown, including, without limitation, claims arising out of or in any way connected with the claims and allegations set forth in Plaintiff's Complaint.

## VI. CONTINUING JURISDICTION

The Court shall maintain jurisdiction over the lawsuit, including jurisdiction to enforce

the terms of this Agreement and to otherwise oversee compliance with the terms of this Agreement, as well as jurisdiction over remaining unresolved issues and claims.

### VII. Miscellaneous

**1. Entire Agreement**

This Agreement expresses and constitutes the complete and final understanding of the Parties with respect to the subject matter of this Agreement. The parties hereto understand and agree that the terms of this Agreement supersede any prior discussions, understandings, or agreements, whether orally or in writing, between them related to the subject matter hereof.

**2. Execution and Counterparts**

This Agreement may be executed in counterparts, each of which shall be considered an original, but all of which, taken together, shall constitute one and the same instrument. A facsimile signature will have the same validity as an original.

**3. Interpretation**

The language of this Agreement shall be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties. The headings in this Agreement are solely for convenience and shall not be considered in its interpretation. Where required by context, the plural includes the singular and the singular includes the plural, and the terms "and" and "or" shall mean "and/or." This Agreement is the product of negotiation and joint drafting so that any ambiguity shall not be construed against any party.

**4. Severability**

In the event any portion of this Agreement is deemed to be unenforceable, or is in conflict with applicable law, the remainder of this Agreement will be enforced and will remain in full force and effect.

**5. Additional Documents**

To the extent any documents are required to be executed by any of the Parties to effectuate this Agreement, each party hereto agrees to execute and deliver them.

**6. Authority to Bind**

Each signatory to this Agreement certifies that it, he or she is fully authorized by the party it, he or she represents to enter into the Agreement, to execute it on behalf of the party represented and to legally bind that party thereto.

Dated: 12-16, 2010          _____
                            Plaintiff
                            TIMOTHY CLEVELAND

Dated: 12-16, 2010          _____
                            Christine Davi, Assistant City Attorney
                            For Defendant
                            CITY OF MONTEREY

Dated: 12/16, 2010          _____
                            Chris Shake
                            On behalf of the ISABELLA Defendants

**APPROVED AS TO FORM:**

**For Defendant:**                      STUBBS & LEONE

Dated: 12-16, 2010          BY: _____
                            Claudia Leed, Esq.
                            Attorneys for Defendant
                            CITY OF MONTEREY

**For Defendants:**

                            BERLINER & COHEN

Dated: 12/16, 2010          BY: _____
                            Frank Ubhaus, Esq.
                            Attorneys for the ISABELLA'S DEFENDANTS

**For Plaintiff:**

Dated: 4-16, 2010           LAW OFFICES OF PAUL L. REIN

                            BY: _____

Settlement Agreement and Order                                 C09-02376 RMW
                                    8

Celia McGuinness, Esq.
Attorneys for Plaintiff
TIMOTHY CLEVELAND

## ORDER OF THE COURT

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: 12/22 , 2010

*/s/ Ronald M. Whyte*

Honorable RONALD M. WHYTE
United States District Judge